LUTHER M. REYNOLDS and ELIZABETH SAUER-
WEIN, Administrators of GEORGE SAUERWEIN,
*vs.* WILLIAM J. DAVISON.

*Admissibility of Evidence—Ratification by a Prin-
cipal of the acts of his Agent.*

An action was instituted by a landlord to recover a year's rent from his
tenant, upon the theory that he rented the house for *one* year, held over
for a second year, and left without legal notice, thereby becoming liable
for a third year. The suit was brought to recover the rent for the third
year. The defence was, that the lease was for a two years' term certain.
A memorandum made by the landlord's agent, stated that he had rented
the house to the defendant " for $700 per year, rent to commence July
1st, 1867." HELD :

That the memorandum not specifying any term of renting, was not con-
tradictory of testimony, which showed that it was limited to *one* year,
and the party offering it as evidence to the jury, would not be estopped
thereby from showing that the renting was for *two* years.

Where an agent was authorized by his principal to rent certain premises
for one year only, and he rented them for two years, and the tenant re-
tained them for that period, and the principal received the rent origi-
nally agreed upon, for the second year, the jury would be at liberty to
infer that the principal ratified the contract for the two years.

APPEAL from the Court of Common Pleas.

This suit was instituted by the appellants, to recover from
the appellee the sum of $700 for one year's rent, from the 1st
of July, 1869, of a dwelling house on Fayette street, upon
the theory that the defendant rented the house from the plain-
tiffs for one year, held over for a second year, and left with-
out legal notice, thereby becoming liable for a third year.
To recover rent for this third year, was the object of this
suit. The facts of the case are sufficiently disclosed in the
following bills of exception :

*First Exception :* The plaintiffs, to maintain the issue on
their part, proved the granting of letters of administration to

them on the estate of George Sauerwein, deceased; and then proved by Mr. Reynolds, one of the plaintiffs, that some time in June, 1867, he authorized Columbus Cook to rent the dwelling house, No. 619 West Fayette street, for one year, at a rent of $700, and told him not to rent it for a longer time, because he wished to return the property to the distributees unincumbered; that in a few days Mr. Cook reported that he could rent the house for one year to the defendant, provided he was allowed to expend $100 of the year's rent in repairs—he consented; that in the course of a few days, Mr. Cook reported that he had rented the house to the defendant upon the terms named, for one year. The defendant paid the rent, commencing July 1st, 1867, from time to time, and did not leave at the expiration of the first year. The second year passed without any notice from the defendant of his intention to leave; that on the 30th of June, 1869, he received from the defendant the key of the house and a note informing him that the house was vacant; that he returned the note and key to the defendant, and in a few minutes afterwards found them both on his desk. The plaintiffs further proved by Columbus Cook that he was authorized by Mr. Reynolds to rent the house, No. 619 West Fayette street, for one year, at a rent of $700 per year; that he had no authority to rent it for a longer time; that he rented it June 26th, 1867, to the defendant, for one year, at $700 per year, rent to commence 1st of July, 1867. The witness then produced a book belonging to him, containing a memorandum, and was about to read it to the jury, when the defendant objected, and the Court sustained the objection. The memorandum was as follows: "June 26, '67. Rented house on Fayette street, belonging to the estate of Mr. G. Sauerwein, (Mr. Reynolds,) to Mr. Davison, for $700 per year, allowing him to do repairs to amount of $100, to be deducted off said rent. Rent to commence July 1st, 1867." The witness then testified that no date was filed in his memorandum book until afterwards, when July 1st, 1867, was written. The counsel

for the defendant then proposed to read the memorandum to the jury, and the plaintiffs consented. He then stated to the jury that he wished to show from the book that Mr. Cook had read it to them wrong. He was stopped by the counsel for the plaintiffs, and addressing himself to the Court, the jury at the time having the book containing the memorandum, which they were passing from one to another, said that he wished to contradict Cook by the memorandum, (and the jury were severally allowed to read it.)

The defendant, to maintain the issue on his part, proved by the defendant that he rented house No. 619 West Fayette street, on the 22d June, 1867, on Saturday, and moved in on Thursday following; received the key of the house on Saturday, 22d; that Mr Cook rented him the house for two years, from the 1st of July, 1867. The plaintiffs objected to the admissions of so much of the testimony as tended to prove that the defendant rented the house on any other day, or for any other time than that stated in the memorandum, which he had read in evidence from the book of Mr. Cook, because it was not competent for the defendant to contradict the memorandum after having offered it in evidence, and because Cook being the special agent of the plaintiffs, his declarations beyond the scope of his authority, were not admissible, which objections the Court overruled, and permitted the evidence to go to the jury. The plaintiffs excepted.

*Second Exception:* The question raised by this exception was the same as that raised by the previous exception. The defendant proved by his wife that she was present at the renting of the house, in the presence of Mr. Cook; that the defendant rented the house for two years, and that Mr. Cook made no objection to the renting for two years. The plaintiffs objected to the testimony, so far as it tended to prove any other date or term of renting than as stated in the memorandum in the book of Mr. Cook, for the same reasons as set forth in the first exception; this objection the Court overruled, and permitted the evidence to go to the jury. The plaintiffs excepted.

*Third Exception:* The plaintiffs offered four prayers and the defendant three. The Court granted the first prayer of the plaintiffs and rejected the others, and also rejected the prayers of the defendant. The rejected prayers of the plaintiffs are as follows:

2d. That if the jury believe from the evidence that Columbus Cook was authorized by the plaintiffs to rent house No. 619 West Fayette street, for one year, at a rent of $700 per annum, and that he did rent the said house to the defendant, then that the plaintiffs are only bound for a rental of one year, although they shall believe that said house was rented by said Cook for two years, and the plaintiffs were entitled to notice from the said Davison to quit the said house, and are entitled to recover, unless the jury find that notice in writing was given thirty days prior to the termination of the year of his tenancy, ending the 1st of July, 1869.

3d. That if the jury find from the evidence that the plaintiffs rented, through Columbus Cook, dwelling house No. 619 West Fayette street, to the defendant, and that no notice was given by said Cook, or any other person, to the plaintiffs; that he had exceeded the instruction given him by them as stated in the plaintiffs' second prayer, then the fact that the defendant held over for another year, and that the plaintiffs received rent from the defendant during the second year, does not authorize the jury to infer that the plaintiffs adopted the unauthorized act of their agent.

4th. That the true construction of the memorandum made by Mr. Cook in his book, and offered by the defendant in evidence, is a renting of the property for one year, and that after the expiration of the first year the defendant became a tenant from year to year, and could not quit the house without giving thirty days notice to the plaintiffs, before the end of the year.

The Court also gave the two following instructions of its own:

1st. The jury is instructed that the memorandum of Mr. Cook given in evidence, does not specify any term of renting,

and, therefore, cannot, upon its face, contradict the testimony of Mr. Cook, when he swears that the term was for one year.

2d. If the jury believe from the evidence that Mr. Reynolds, the landlord, authorized Mr. Cook, his agent, to rent the house in question for but one year, but that said agent rented it for two years, as alleged by the defendant's witnesses, and that the defendant held the same for two years, and that during the second year of the said tenancy Mr. Reynolds treated the defendant as his tenant by receiving the rent originally agreed upon, then the jury may infer that the landlord ratified the contract for the two years' lease, and may find for the defendant.

To the refusal of the Court to grant their second, third and fourth prayers, and to the giving of its own instructions, the plaintiffs excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before STEWART, MAULSBY, GRASON, MILLER and ALVEY, J.

*Samuel Snowden,* for the appellants.

*Innes Randolph,* for the appellee.

STEWART, J., delivered the opinion of the Court.

Some question is made in the first exception in this appeal, as to which party the responsibility belongs, for the reading by the jury of the memorandum made by the witness Cook. The appellants insist that the memorandum was offered to the jury by the appellee, who on the contrary disavows any design to make it his testimony.

To our apprehension of the questions involved, as presented by the record transmitted, which must govern this Court in reviewing the case, it is not material to inquire into the fact whether the memorandum was offered by the one side or the other, or was inadvertently inspected by the jury.

Assuming that it was offered by the appellee, the memorandum is of such a character as not to prevent him from

introducing the testimony objected to in the first and second exceptions of the appellants. We agree with the Court below in its first instruction, as to its effect that "it does not specify any term of renting, and cannot, upon its face, contradict the testimony of Mr. Cook, when he states that the term was for one year." Neither does it sustain Mr. Cook. It is entirely silent as to any term of renting, and the appellee was not estopped thereby. Being equivocal, the introduction of the testimony of the appellee is not obnoxious to the rule, if otherwise applicable, that Cook's declarations, in violation of his instructions as special agent of the appellants were not admissible.

We find no error in the ruling of the Court in the first and second exceptions.

The second prayer of the appellants, in their third exception, presents the question as to the necessity of notice being required from the appellee as tenant, upon the theory, that the renting was but for one year, although Cook, the agent of the appellants, may have rented the house for two years. The assumption of the prayer that Cook was authorized to rent for one year, does not negative his authority to rent for two years, and if he had authority to rent for two years, it would not follow that he could not rent for one year. He might rent for one or two years, and whether the renting would be binding upon the appellants would depend upon his authority; but the prayer submits no question as to the extent of Cook's authority. It does not say or leave to the jury to find that his authority was to rent for *one year only.*

The prayer was properly refused.

The third prayer of the appellants could not be granted, as it referred to the second, erroneously assuming that the question as to the agent, Cook, having exceeded his authority, had been presented in the second prayer.

We have already stated that we concur with the Court in its first instruction as to the true import of the memorandum, and therefore find no error in the refusal of the appellants' fourth prayer.

There is no error in the second instruction of the Court.

Upon the assumption that Cook, the agent of the appellants, was only authorized to rent the property for one year, but did in fact rent it for two years; and if, during the second year of the tenancy, Reynolds treated the appellee as his tenant by receiving the rent originally agreed upon between the appellee and Cook, the jury might very well infer the ratification of the contract for the two years lease and to find for the appellee. Evidence had been submitted to the jury, as to Cook's agency, in renting this property—in his testimony, he referred to the fact of his renting to other persons—he also produced a memorandum book of renting.

The jury might infer, that his employment was that of a general agent for the renting of property. If, being such general agent, he was authorized to rent the property in question, but privately instructed to rent it but for one year, and in violation of the instructions did in fact rent it for two years, the appellee having no knowledge of the private instruction, very slight evidence of the ratification of his acts, under such circumstances, ought to be sufficient. Strangers or third persons, dealing with such an agent, would be liable to be imposed upon by an agent limited by private instructions.

"The responsibility of the principal to third persons applies where the agent is held out to the public, or to the party dealing with him, as having competent authority, although in the particular instance he has exceeded his instructions. In all such cases, where one of two innocent parties is to suffer, he ought to suffer who misled the other into the contract, by holding out the agent as competent to act, and as enjoying his confidence." *Lester & Supplee vs. Allen,* 31 *Md.,* 548.

We think the facts referred to in the instruction of the Court, would authorize the jury to infer a recognition of the contract made by Cook with the appellee, and to find for the appellee.

*Judgment affirmed.*

(Decided 23d June, 1871.)