SAMUEL M. TUBMAN and AGNES, his Wife, and others *vs.* JOHN A. LOWEKAMP.

*Assignment of a Mortgage, and the Note intended to be secured thereby—Special Agent—When acts of Agent not binding upon the Principal—When it is the duty of a third person dealing with an Agent, to ascertain the extent of his authority—Acts of Agent within the scope of his Authority, binding on his Principal.*

The mortgage and the note intended to be secured thereby, are parcel of the same transaction, and do not admit of separate and independent alienation.

A mortgagee executed an assignment of the mortgage and delivered it to T. the mortgagor, for the purpose of receiving from the assignee the sum of two thousand dollars, the consideration thereof. HELD:

1st. That the mortgagee thus constituted 'T. her special agent for the purpose indicated; but as such special agent, he had no authority to receive from the assignee any thing but the money due upon the mortgage.

2nd. That the acceptance by T. of a judgment against himself, held by the assignee, or its transfer to the assignor of the mortgage, in part payment of the assignment, not being within the scope of his authority, nor in accordance with any instructions received from his principal, would not be binding upon her.

3rd. That as T. as the agent of the assignor, was invested with limited powers, it was the duty of the assignee of the mortgage to ascertain the extent of his authority.

4th. That so far as T. received money from the assignee of the mortgage, however misapplied by him, his principal, the assignor, was bound.

5th. That unless the assignee of the mortgage, was a party to the fraud, in the procurement of the assignment, or was guilty of the grossest laches, he should not be prejudiced by the conduct of T.

6th. That to the extent of the amount actually paid by the assignee of the mortgage, he was entitled to be protected; but there was no principle of law or equity that should enforce the acceptance of his judgment against T. upon the mortgagee, in part payment of the assignment.

APPEAL from the Circuit Court for Howard County, in Equity.

The bill of complaint in this case, was filed on the 7th of February, 1873, by the appellee against the appellants, Samuel M. Tubman and Agnes, his wife. It charged that on the 19th of November, 1866, the said Samuel M. Tubman and Agnes, his wife, executed a deed of mortgage to Lucy A. Tubman, to secure the payment of $2000 ; that afterwards, to wit, on the 23rd of January, 1872, the said Lucy executed to the complainant, an assignment of said mortgage ; that the time for the payment of the mortgage debt had passed, and that the said sum of $2000, with interest thereon, from the 25th of January, 1872, still remained due and unpaid. The bill thereupon prayed that the mortgaged premises might be sold, for the payment of the debt due the complainant. On the 23rd of May, 1873, an amended bill was filed, making subsequent mortgage and judgment creditors of the mortgagor parties ; and on the 6th of June following, a second amended bill was filed, alleging that two of the subsequent mortgages mentioned in the first amended bill, had been assigned, and praying process against the assignees. Samuel M. Tubman and Agnes, his wife, answered the bills : They admitted the execution of the mortgage to Lucy A. Tubman, as also the three subsequent mortgages mentioned in the first amended bill ; they also admitted the validity of all the judgments mentioned in the said amended bill, except the judgment charged to be held by Lucy A. Tubman, for $1000 ; they denied that she was the owner of said judgment ; they also denied that any part of said mortgage debt was owing to the complainant ; but charged that the whole of said debt with interest, was due to Lucy A. Tubman. They prayed that the original and amended bills of the complainant might be dismissed. One of the subsequent mortgage incumbrancers, and the assignees of the other two, answered the bills. They

admitted that they respectively held the mortgages referred to in said bills, but stated that they had no knowledge of the other incumbrances therein alleged to exist against the mortgaged property, except the mortgage to Lucy A. Tubman, and the judgment charged to be held by her, and therefore, neither admitted nor denied the allegations in said bills in that behalf. They charged that the complainant sometime after the respective mortgages to them were given, executed and recorded, recovered against Samuel M. Tubman, a judgment for the sum of $1000, being the same judgment charged to be the property of the said Lucy A. Tubman; that afterwards the complainant with a view to defraud the respondents fraudulently procured from the said Lucy A. Tubman, the assignment of said mortgage; they further charged that no part of the alleged consideration for said assignment of mortgage was ever paid to the said Lucy by the complainant. They prayed that the said mortgage and assignment might be set aside, and the complainant's bill dismissed. An answer to the original and amended bills of the complainant, was filed by Lucy A. Tubman: She admitted that Samuel M. Tubman was indebted to her on the 19th of November, 1866, in the sum of $2000, and for that sum he executed and delivered to her his promissory note of that date, payable on or before the 19th of November, 1867, and to secure the payment of said note, executed and delivered to her the mortgage, a copy of which was filed as an exhibit with the complainant's original bill; she further admitted that she executed the assignment referred to in the complainant's bill under the circumstances, and upon the conditions following: That sometime in January, 1872, Mr. Samuel M. Tubman, called at her residence, and said that Mr. Samuel K. Dashiell had called at his house, and represented that he was the attorney and agent of the complainant, who desired to purchase the note and mortgage which she held

against him, the said Samuel M. Tubman; that if he, the said Samuel M. Tubman, would aid him to make such purchase, he was authorized by the complainant to grant him an indulgence for two years; that in consideration of being paid the principal—the interest then being paid up to date—she consented to make the assignment filed with the bill; that she executed and delivered said assignment to said Samuel M. Tubman, to be by him delivered to the complainant on the payment of the whole purchase money and not before; she retaining the note referred to in the mortgage, until she was paid the amount named in the assignment, and to be delivered to the complainant, or his agent or attorney, on receipt by her of the consideration therein named; that no part of the money due thereon was ever paid to her, and the note, to secure the payment of which, the mortgage was given, remained in her possession—a copy of which was filed with her answer. The respondent denied that the copy of the note filed with the complainant's bill, was a true copy of the note mentioned in the mortgage aforesaid. Further answering, she stated that no part of the principal debt, or any interest was due and owing to the complainant, but that said assignment was procured by fraud, by the complainant or some one of his agents, and that no part of the money agreed to be paid to her by the agents of the complainant had ever been paid, and none of the conditions upon which the note and assignment of the mortgage were to be delivered to the complainant, had ever been complied with. The respondent prayed that the Court would decree the payment to her of the amount of the money for which the assignment was made, she being ready and willing upon the payment thereof, to deliver up the said note; and in default of payment, would decree that the said assignment should be set aside, and the bill of complaint dismissed.

A commission was issued, and much testimony taken thereunder. After argument, the Court, (HAMMOND, J.,)

on the 19th of October, 1874, decreed that unless the defendant, Samuel M. Tubman, paid, or brought into Court to be paid to the complainant, on or before the 30th of November following, the sum of $2000, with interest thereon, from the 25th of January, 1872, till paid, and the complainant's costs of suit, the mortgaged property mentioned in the proceedings should be sold ; and a trustee was appointed to make the sale.

From this decree the present appeal was taken.

The cause was argued before BARTOL, C. J., BOWIE, STEWART and ALVEY, J.

*M. Bannon* and *T. A. Linthicum*, for the appellants.

*John S. Tyson*, for the appellee.

STEWART, J., delivered the opinion of the Court.

It is shown by the decided preponderance of the testimony in this cause, without going into its particulars, that Lucy A. Tubman was deceived in the transfer of the mortgage against S. M. Tubman, to John B. Lowekamp.

Her assignment of the mortgage was necessary to pass the legal title to the property ; and its equitable effect, if the consideration had been paid according to its terms, would have been to vest in Lowekamp, the assignee, the debt or note it was intended to secure.

After a *bona fide* assignment she could not set up as an equitable defence against such operation, that she had not assigned the note.

That would be not only a breach of good faith, but a gross fraud upon the assignee. That there was a design to perpetrate a fraud upon the assignee by her retention of the note, has not been alleged or proven, and is not to be presumed.

The mortgage held by Lucy A. Tubman, and the note, were parcel of the same transaction ; and these instruments did not admit of separate and independent transfer. *Pratt vs. Vanwyck's Exc'rs*, 6 *G. & J.*, 499.

It is apparent from the tenor of the proof, there are circumstances calculated to create a suspicion that Lowekamp, the assignee, may have been privy to the fraud, in the procurement of the assignment, but they do not afford full and satisfactory evidence of his complicity therein.

Assuming from the character of the testimony, that both Lucy A. Tubman, the assignor, and John H. Lowekamp, the assignee, are innocent of any fraud in the transaction, it becomes necessary to determine their relative rights upon that hypothesis.

Lucy A. Tubman by the execution of the assignment of the mortgage, and its delivery to S. M. Tubman for the purpose of receiving the $2000, the consideration thereof, constituted him her special agent for that purpose.

S. M. Tubman was thus enabled to get possession of the money advanced by Lowekamp, and to apply it to his own purposes.

But he was clothed with no authority as the special agent of Lucy A. Tubman, to receive from Lowekamp anything but the money due upon the mortgage

His acceptance of the judgment, or its transfer to Lucy A. Tubman in part payment of the assignment of the mortgage, was not within the scope of his authority, nor according to any instructions received from her, and was not binding upon her.

Tubman, as her agent, was invested with limited powers; and it was the duty of Lowekamp to have ascertained the extent of his authority. See *Chitty on Contracts*, 200, stating the rule.

But so far as he received the money from Lowekamp, however misapplied by him, she was bound, unless

Lowekamp was a party to the fraud, or was guilty of the grossest *laches;* he ought not to be prejudiced by the conduct of Tubman.

In the extent of the amount paid by him in money, he is entitled to be protected ; but there is no principle of law or equity, that should enforce the acceptance of his judgment against S. M. Tubman, upon Lucy A. Tubman, in part payment of the assignment.

S. M. Tubman had no express or implied authority to receive the said judgment.

Nor does the proof show, that the judgment was of such a character, as to constitute its* transfer, a valid part payment.

If Lowekamp were allowed to hold the mortgage debt, to the extent of the judgment, he would derive from the fraud, an inequitable advantage over Lucy A. Tubman ; and the receipt of part of the fruits of the fraud, would involve him in its turpitude.

Upon no just principle can he have any claim beyond the amount he paid.

He ought not to be allowed in a Court of equity to make a profitable speculation out of the fraud, which he would do, if Lucy A. Tubman were compelled to accept the transfer of the judgment, in partial satisfaction of the assignment.

The familiar principle that governs in a transaction, where two innocent persons are concerned, and one of them must suffer loss, which imposes the loss upon that one, whose conduct has misled the other, (*Lister & Supplee vs. Allen,* 31 *Md.*, 548 ; *Reynolds & Sauerwein vs. Davison,* 34 *Md.*, 662,) will not permit Lowekamp upon the theory that he is an innocent party, as purchaser of the mortgage to claim beyond just indemnity for the actual loss. Upon no principle of distributive justice, can he have any demand against Lucy A. Tubman, over and above the money paid by him.

The measure of her responsibility ought not to exceed that limit.

Under the circumstances disclosed by the testimony, Lowekamp, we think, is entitled to hold the mortgage as a security for the payment of the money advanced by him with the accrued interest. Upon its payment by Lucy A. Tubman, she will be entitled to a re-assignment of the mortgage.

In default of its payment by her, by such time as may be prescribed by the Circuit Court, the property must be sold for the payment of the mortgage debt—from the proceeds of sale the amount paid in money by Lowekamp, with the accrued interest, to be allowed to him—the residue to be paid to Lucy A. Tubman, the transfer of the judgment against S. M. Tubman to Lucy A. Tubman, declared void and she ordered to re-transfer the judgment to Lowekamp.

The cause will be remanded that the Circuit Court, may pass a decree in conformity with these views.

*Decree reversed, and*
*cause remanded.*