D. W. Brown, *Plaintiff in Error*, v. J. L. Markham, *Defendant in Error.*

1. Where a lease of premises is made to the "lessee, his heirs, executors and administrators from the 1st day of February, 1905, for the term of one year then next ensuing, with the privilege of continuing said lease for a further period year by year at the same terms and price hereinafter contained, the said lessee yielding and praying to the said lessor a monthly rental of twenty dollars per month, payable monthly between the first and fifth days of each month," such language creates a lease for one year with the privilege on the part of the lessee of extending it one more year. After that time, if the lessee hold over, without a written extension of the lease, although the monthly rental is paid the lessor, under the provision of section 4, Chapter 5441, Laws of 1905, the lessee is but a tenant by sufferance, and has no right to hold the leased premises after proper notice terminating the lease.

This case was decided by Division B.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*Boozer & Gillen,* for Plaintiff in Error.

*Roberson & Small* and *J. B. Hodges,* for Defendant in Error.

Hocker, J.: In May, 1908, the plaintiff in error commenced unlawful detainer proceedings in the Circuit Court of Columbia County alleging in his declaration that "J. L. Markham, unlawfully and against his consent withholds from him possession of certain real estate known and described as follows: The room on the first floor of the Hotel Blanche building in Lake City, Flor-

ida, that is located just south of the hotel lobby or entrance with the appurtenances, lying and being in the State aforesaid, wherefore he prays restitution of his possession and his damages."·

The case was tried on the 8th of June, 1908. After submission of the evidence the judge instructed the jury to find a verdict for the defendant which was done in the form provided for in section 2166 General Statutes of 1906.

The defendant, Markham, by his attorneys, made the following motion:

"The defendant demurs to the evidence and moves the court to instruct the jury to render a verdict in favor of the defendant, upon the following grounds: 1st. Because the plaintiff has not made out a case that entitles him to a verdict.

2. Because it appears by the evidence of the plaintiff that the rental contract under which the defendant is occupying the premises in dispute was a valid contract, and has not yet expired.

3. Because it is shown that if said contract is valid, and the defendant is occupying the premises from month to month, then the evidence shows that this action was not brought three years from the time the defendant went into the occupancy of said premises.

4. Because the plaintiff admits that the defendant was occupying the premises in dispute under a yearly contract, expiring Feb. 1st, 1908, and that he accepted the rent for the said premises from the defendant for the month of February, 1908, and thereby continued the contract in force for the ensuing year, that is, from Feb. 1st, 1908, until February 1st, 1909."

The plaintiffs joined issue on the foregoing motion, called a demurrer to the evidence, and upon consideration the trial judge sustained the same and instructed

the jury to find a verdict for the defendant. The jury brought in the following verdict:

"Lake City, Florida, June 8th, 1908.

We the jury find that the defendant did not at the time of the filing of the complaint in this cause wrongfully hold possession of the real estate mentioned in the complaint against the consent of the plaintiff; that the said defendant has not so held possession thereof, against the consent of the plaintiff within three years next before the filing of said complaint, and that the plaintiff has not the right of possession of the real estate aforesaid. So say we all.              W. D. Mizelle, Foreman."

Judgment was entered for the defendant and the complainant dismissed with costs against the latter. The judgment is here for review on writ of error.

The plaintiff testified in substance that the store room described in the complaint was his property; that he authorized Mr. Calaway to rent it to Mr. Markham, but did not authorize him to do it in writing; that he moved to Lake City in January, 1907; that Calaway collected the rent until the latter part of 1906, when the First National Bank succeeded Calaway as his agent and collected rent of Markham until he came; that when he moved down to Lake City he went to Col. Boozer's office to collect what papers he had that Calaway had fixed and had there; that among the lot he found that he (Calaway) had made a contract with Markham that witness had not seen before, and that as soon as he saw the contract he went over to Mr. Markham and told him in person, he (witness) would not abide by that contract; that Calaway had no authority to make a contract of that kind for him, and that he demanded possession of the store; that he and Markham discussed the matter freely and that Markham authorized him to have another contract prepared. Witness then went to Col.

Brown v. Markham.—Opinion of Court.

Boozer's office and had another contract drawn and presented it to Markham who refused to sign it; that he notified Markham he would try to get possession of the store; that Markham was holding this room under the written contract of his agent, Calaway, but witness did not know of it before. The plaintiff then produced and read in evidence the following notice and contract:

"Lake City, Florida, March 31st, 1908.
Mr. J. L. Markham,

Lake City, Florida,

Dear Sir:

Please take notice that you are hereby required to quit, surrender and deliver up possession to me of the premises hereinafter described, which you now hold of me as tenant at will, on or before the first day of May, 1908, for the reason that I intend to terminate your tenancy, and to repossess myself of such premises on the date above mentioned, said premises being described as follows, to-wit: The room on the first floor of the Hotel Blanche building, in Lake City, Florida, that is located just south of the hotel lobby or entrance, said land being in Columbia county, Florida.

D. W. Brown, Landlord and Owner."

"This indenture, made this 21st day of January, 1905, between D. B. Brown, of Suwannee county, Florida, hereinafter called the lessor, and J. L. Markham, of Lake City, Florida, hereinafter called the lessee, Witnesseth: That the said lessor does hereby lease and demise unto the said lessee the room on the first floor of the Hotel Blanche building, in Lake City, Florida, that is located just south of the hotel lobby or entrance. To Have and To Hold the said premises unto the said lessee, his heirs, executors and administrators, from the 1st day of February, 1905, for the term of one year then next ensuing, with the privilege of continuing said lease

for a further period year by year, at the same terms and price hereinafter contained, the said lessee yielding and paying to the said lessor a monthly rental of twenty dollars per month, payable monthly, between the first and fifth days of each month.

The lessor hereby agrees to furnish all materials for putting in the shelving and counters, and to pay the sum of thirty-five dollars towards paying for the work of constructing same, all of which counters and shelving shall be the property of lessor; Provided, that the lessee shall furnish the materials and have his own counter constructed for his soda water fountain, known as a dispensing counter, which shall be the property of the lessee, with the privilege of removing same from building when he vacates same. Lessor agrees to keep said room in good condition or repair. The said lessee hereby agrees to take said room and pay the rent for same for the period and under the terms herein contained, and to yield up same at end of his term without process of law; to keep the back ground near and around door clean of rubbish and trash; to repair any damage that he may cause to said property while in his possession. Both the parties hereto agree to all the conditions and terms herein contained.

Signed, sealed and delivered in
our presence.    D. E. Knight;        D. W. Dawson (seal)
R. T. Boozer.                By J. D. Calaway, his agent.
                    J. L. Markham (seal)"

On cross-examination the plaintiff admitted that he commenced collecting rent of Markham in December, 1907, and collected three mnoths' rent at $20.00 per month; that the bank had collected before that time; that Mr. Boozer prepared the contract which he signed as a witness; that he knew about the time Markham went into the building; that Markham discussed the renting

of the building from me prior to the time he went in it; that plaintiff was then living in the country, and told Markham he (witness) would instruct Mr. Calaway what kind of a contract or lease to make with him; that witness came in every morning from the country and did not have time to see Calaway, who was his agent looking after the property; that he told Markham he would make a contract by the month for one year and instruct Calaway to have such a contract drawn up. That he considered Markham a monthly tenant, and that he did not have a contract at all; that it was not his contract, and he repudiated it; that Markham refused to sign the contract which plaintiff presented to him, and said he was going to hold under the contract from Calaway; that he gave Markham written notice to vacate and he did not vacate; that he never gave Calaway authority to make an instrument in writing in his name; that he served notice on Markham the first part of 1908 to the effect that he (witness) terminated his (Markham's) contract on the first of February, 1908; that he selected the first day of February, 1908, to give Markham ample time to get another room; that Markham served him with notice he would not vacate; that he accepted the rent of $20.00 for February, 1908, under protest, on the night of 5th of March.

This is substantially all of the plaintiff's evidence. Then followed the defendant's motion, which has been referred to, the ruling of the court sustaining it, and directing a verdict for the defendant.

The motion of the defendant is in no sense a demurrer to the evidence. It does not contain the evidence as such a demurrer must necessarily do. See Skinner Manufacturing Co. v. Wright, 51 Fla. 324, 41 South. Rep. 28, and authorities there cited: It is nothing more than a motion for a peremptory verdict.

The first four assignments of error based on the action of the trial court in refusing to allow the plaintiff to answer certain questions are mere academic, as it appears that after the contract was introduced in evidence plaintiff seems to have testified in full upon the questions presented in these assignments.

The fifth, sixth and seventh assignments question the action of the court in sustaining what is called the defendant's demurrer to the evidence in rendering final judgment for the defendant, and refusing the motion for a new trial.

We cannot agree with the plaintiff that he did not authorize Mr. Calaway to make a written contract with Markham. He says he told Markham he would instruct Calaway to have a contract *drawn up*. This very clearly implies that Calaway was to make a written contract. Moreover, Mr. Brown, the plaintiff, through his agents, was in possession of this contract from the time it was executed. If he did not read it, that was his own fault. He did actually read it in January, 1907, and collected the monthly rent named in this contract until the first of March, 1908. It is true he says he protested he was not bound by the contract, but he knew Markham contended he was bound by it, and refused to surrender the store, claiming to hold it under this contract. This looks like a ratification, even though Calaway had no authority to make the contract. 1 Am. & Eng. Ency. Law (2nd ed.) 1198 *et seq.;* Burkhard v. Mitchell, 16 Colo. 376, 26 Pac. Rep. 657; Reynolds v. Davison, 34 Md. 662. Assuming then that the contract was a binding one, we have next to consider its nature. We do not understand that the defendant in error contends it is more than a lease from year to year at the option of the lessee and terminable at least on his death. It seems to us, however, that the term for which a lease for years is to run

should be certain. 5 Bacon's Abridgment, 621, 622, 623, 624, 625. It is said in Jones on Landlord and Tenant, section 112, that "a lease for so long as both parties shall please, or for so long as the lessee shall please, is said to be a lease at the will of both lessor and lessee. It is at most a tenancy from year to year, so long as both parties please." It is said in 5 Bacon's Abridgment, p. 623. "If a man makes a lease for years without saying how many, this shall be a good lease for two years certain, because for more there is no certainty, and for less there can be no sense in the words." Also on page 624: "If a man makes a lease for a year, and so from year to year, *quamdiu ambabus partibus placuerit*, this is a lease for two years certain at least; and at most, after three years, this is but an estate at will." In the instant case there is no certain date for the termination of the lease. It was made to the lessee, "his heirs, executors and administrators from the 1st day of February, 1905, for the term of one year, then next ensuing, with the privilege of continuing said lease for a further period year by year at the same terms and price hereinafter contained."

Applying the foregoing principles we think that these words created a lease for one year, with the privilege on the part of the lessee of extending it one more year. Of course, after that time the lessee might hold over, but subject to the provisions of section 4, chapter 5441, laws of 1905, which is as follows: "That when any tenancy shall have been created by an instrument of writing and the term for which such tenancy is limited therein shall have expired and the tenant shall hold over in the possession of said premises without renewing the said lease by some further instrument of writing, then such holding over shall be construed to be a tenancy at sufferance, and the mere payment or acceptance of rent

shall not be construed to be a renewal of the said term; but if such holding over be continued with the consent of the lessor, then such tenancy shall become a tenancy at will under the provisions of this act." It is evident under this section that the acceptance of the rent is not to be construed as a renewal of the lease for another year from the 1st of February, 1908, as it is not pretended there was an instrument of writing extending it. Brown's testimony shows plainly he did not consent to such a renewal or holding over for another year. Under this section, therefore, Mr. Markham was a tenant by sufferance, and was liable to be ejected in this action, for he had no right to hold the store room after the date fixed in the notice terminating the lease,—namely, the first day of May, 1908. This action was brought on the 28th day of May, 1908.

We therefore think the court below erred in directing a verdict for the defendant.

Judgment reversed.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.