SHELL OIL COMPANY, INCORPORATED, v. C. R. SHAW and FRANK S. SHAW

194 So. 327
Division A
Opinion Filed February 16, 1940
Rehearing Denied March 18, 1940

*Chas. S. Ausley, John C. Ausley, Joe T. Dickenson* and *William T. Kenney*, for Appellant;

*Oven* and *Oven*, for Appellees.

TERRELL, C. J.—The appellees as complainants filed their bill of complaint under Sections 4953 and 4954, Compiled General Laws of 1927, for a declaration of rights, interests, and liabilities under a lease executed by them to appellant and dated July 14, 1933. There was an answer to the bill, testimony was taken, and on final hearing, the

chancellor adjudicated the complainants to have the right to terminate any claim of defendant to remain in possession of the leased premises by giving it thirty days notice in writing, specifying the 15th day of some month upon which such termination is to become effective and upon which date the defendant is required to vacate. This appeal was prosecuted from the final decree.

Several questions are argued but they are all resolved by a definition of the rights of the parties under the following provisions of the lease.

"It is further agreed and understood that this lease will continue to remain in effect and automatically renew itself from time to time so long as the Tallahassee Motor Company or Mr. C. R. Shaw or his family occupy these premises either as lessee or owner, and so long as the lessee herein occupies property as lessee, situated at the North West corner of Monroe and Tennessee Sts. in City of Tallahassee, Florida.

"It is further agreed that in the event the Tallahassee Motor Company and/or C. R. Shaw or his family operate a Service Station in connection with an Automobile Sales Agency at any other location in Tallahassee, Florida, same shall be leased to the Shell Petroleum Corp.

"In the event Shell Petroleum Corporation does not close lease now pending on the Monroe St. property, the above lease shall be null and void."

The answer of defendant alleges that the lease on the Monroe and Tennessee Street site was executed in July, 1933, to run for a period of ten years without the right of removal and being so, would expire in August, 1943. It is contended that under the provisions of the lease quoted, it cannot expire until the latter date.

In addition to the provisions of the lease heretofore quoted, it also contains the following pertinent paragraph:

"19. Lessee shall have the right to cancel this lease at any time by giving the lessor thirty (30) days notice in writing specifying a particular rental due date upon which such cancellation is to become effective, paying lessor as consideration for said cancellation the sum of one and No/100 Dollars ($1.00)."

Appellees contend that since Appellant was a sublessee and could cancel under the last quoted provision of the lease by giving thirty days notice and paying the sublessor the sum of one dollar, no corresponding privilege being accorded the sublessor to cancel, they being the owners and having acquired title after the execution of the sublease should now be permitted to cancel on like terms.

It is in other words contended that the sum of one dollar for the privilege of cancelling is merely nominal or colorable and when terminable by one party on payment of such a consideration, it is by implication of law necessarily terminable by the other party on like terms. The right to terminate at will, they contend, must be mutual. Brown v. Markham, 56 Fla. 202, 48 So. 39.

It is also contended that that part of the lease providing for automatic renewal so long as Tallahassee Motor Company, C. R. Shaw or his family occupy the premises as lessee or owner, and so long as the lessee occupies the property as lessee situated at the North West Corner of Monroe and Tennessee Street actually entitled the sublessor to only one renewal and being so, when the lease ran for the first period of one year and five months and a like extension period, the tenant afterwards became a tenant at sufferance or a tenant at will. Otherwise the lease is objectionable because it may be renewed indefinitely. Brown v. Markham, *supra,* is relied on to support this contention.

This is unquestionably the correct rule in ordinary cases where continuous renewals are attempted but in this case,

appellant contends that the renewals are limited by the terms of the Monroe Tennessee Street lease which expires in July, 1943. Appellants further contend that this provision continues the lease in effect until the latter date.

There is authority supporting this contention but when the sublease was executed, the sublessees were lessors at the time and could not contract for a longer term than the life of their lease. They contend that they subsequently became owners of the leased premises and are now not bound personally in the same manner that they would be as if officers of the corporation.

The quoted provisions for cancellation are in conflict and the chancellor followed the last expression of the lease on this point. We do not find sufficient reason to find him in error for doing so.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN, not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.