**CITY MARKET BUILDING, INC., a corporation, and B. & B. CASH GROCERY STORES, INC., a corporation, v. JOE T. GIGLIO and HERBERT C. TALLEY.**

26 So. (2nd) 785            June Term, 1946
July 19, 1946            En Banc

*Mabry, Reaves, Carlton, Anderson & Fields,* for petitioners.
*B. D. Cooper* and *Rufus T. D. Cooper,* for respondents.

SEBRING, J.:

City Market Building, Inc., a corporation, brings certiorari to review a certain order of the Circuit Court of Hillsborough County refusing to dissolve a temporary injunction.

R. E. Hewlett and wife were the owners of a market building in Tampa, Florida, containing a large number of stalls which were rented to various tenants for marketing meats, vegetables, groceries, and other like products. The owners rented one of the stalls to Joe T. Giglio and Herbert C. Talley to be used as a meat market "for a term of three years beginning August 4, 1944" for a stated rental of $45.00 a week payable in advance. On December 12, 1944, Hewlett and wife sold the building to City Market Building, Inc. who took title to the property subject to the lease. Since the acquisition of title by City Market Building, Inc. the tenants have attorned

to the new owner, and at the time of the institution of this suit in the court below had performed all conditions required under their lease to be performed by them and were in position to and desired to continue performance as lessees.

The lease under which Giglio and Talley held possession contained the clause: "It is mutually agreed and covenanted that the Lessees may terminate this lease at any time upon giving seven (7) days' written notice to the Lessors of their intention so to do." On the night of April 1, 1946, while the lease was in full force and effect and the tenants were in possession, City Market Building, Inc. placed a wall or barricade around the meat market stall, thereby making the stall invisible from any part of the market except at the entrance thereof, as a result of which the tenants' business was virtually ruined. On April 1, 1946, the tenants notified the owner to remove the barricade, which was not done. On April 3, 1946, the owner served written notice upon the tenants that after a lapse of seven days from the date of said notice it would consider said lease as terminated. Giglio and Talley, the lessees, thereupon instituted a suit for injunctive relief, in the Circuit Court of Hillsborough County, and procured an order temporarily restraining the owner from interfering with the lease and directing the owner to remove the barricade from the leased premises.

On April 22, 1946, more than seven days after the written notice had been given by the owner to Giglio and Talley and after the time stated in said lease for the same to terminate, the owner filed a motion to dissolve the temporary injunction. The motion was denied and the owner comes here by interlocutory certiorari, asking this court to review the order. The ultimate question for decision is a follows: Does the fact that the lease is terminable only at the option of the lessees render the lease objectionable for lack of mutuality and prevent the party in whose favor the option for termination exists from enjoining the breach of the lease, where a proper case is otherwise made out for injunctive relief?

We think that the question must be answered in the negative, on the authority of Thompson v. Shell Petroleum Corporation, 130 Fla. 652. 178 So. 413. There it was held that

762

where the lease was not unfair and was actually kept alive by the lessee's continued performance, the fact that it was terminable at the option only of the lessee did not of itself render the lease objectionable for lack of mutuality of remedy, or prevent the party in whose favor the option existed from enjoining a breach of its terms, where a proper case was otherwise made out for equitable relief by injunction.

The petitioner cites as controlling the case of Shell Oil Company v. Shaw, 141 Fla. 745, 194 So. 327, but we do not find it so.

It is ordered that the petition for certiorari be denied.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD and ADAMS, JJ., concur.

THOMAS, J., agrees to conclusion.