281 So.2d 520 (1973)
ROLLINS SERVICES, a Division of Orkin Exterminating Co., Inc., Appellant,
v.
METROPOLITAN DADE COUNTY and Its Board of County Commissioners, et al., Appellees.
No. 72-1328.
District Court of Appeal of Florida, Third District.
July 24, 1973.
Rehearing Denied September 11, 1973.
*521 Horton & Perse, Miami, for appellant.
William W. Gibbs and Andrew Psalides, Miami, for appellees.
Before CHARLES CARROLL and HAVERFIELD, JJ., and SPECTOR, SAM, Associate Judge.
PER CURIAM.
Appellant seeks reversal of the trial court's judgment which upheld the appellee's right to unilaterally terminate a contract under which appellant rendered janitorial services at Miami International Airport.
The second amended complaint filed by appellant alleged numerous and diverse claims of illegality on appellee's part including an unalwful conspiracy, violation of the right to work provision of the State Constitution, Article I, Section 6, F.S.A. Appellees' decision to terminate the contract was characterized, inter alia, as arbitrary, capricious, unjust, unfair and discriminatory.
The court below considered the evidence and admitted depositions and held that the charges and accusations were not supported by the evidence. Our review and consideration of the record leave no room to doubt or question the trial court's finding in this regard. Indeed, the record is totally devoid of any evidence tending to support appellant's injudicious accusations of wrongdoing by appellees.
The contract entered into by the parties expressly reserved unto appellees the right to do what it elected to do in the following language:
"The Authority may at its option and discretion, terminate the Contract at any time, without any default on the part of the Contractor, by giving a written notice to the Contractor and his Surety at least ten (10) days prior to the effective date of the termination set forth in the notice."
Contract provisions reserving the right to terminate an agreement are generally recognized by the authorities. The prevailing rule is stated by McQuillan as follows:
"Even though not expressly authorized by statute, the power to terminate a contract may be reserved, and obviously a city may revoke a contract when it has reserved such a right." McQuillan, Municipal Corporations, Section 29.120.
The validity of a contract clause which provides for unilateral termination of the contractual relationship has been approved in this jurisdiction. Thompson v. Shell Petroleum Corporation, 130 Fla. 652, 178 So. 413, and City Market Building v. Giglio, 157 Fla. 760, 26 So.2d 785.
The trial court's ruling that appellees' action in terminating the contract in question was a valid and lawful exercise of a contractual right which it had specifically reserved is fully supported by both the law and the evidence adduced by the parties.
Affirmed.