TAMPA DRUG CO., *et al.*, v. WEST DRUG STORES, INC.

150 So. 786.
Division B.
Opinion Filed October 17, 1933.
Rehearing Denied November 15, 1933.

*Bivens & Huggins,* for Appellant;

*J. C. Davant* and *James F. Sikes,* for Appellee.

BUFORD, J.—The appeal here is from a final decree in favor of the complainant in the court below, the appellee

here, against the defendants in the court below, appellants here, which decree was, in part, as follows:

"It Is Ordered, Adjudged and Decreed that certain lease made and executed on the 21st day of January, 1929, by and between E. W. Wiggins as lessor and the Bank of Plant City, a banking corporation, and the Tampa Drug Company, a corporation under the laws of the State of Florida, which said lease appears of record in the public records of Hillsborough County, Florida, in Book 880 at page 143, was taken by said Bank of Plant City and Tampa Drug Company for the use and benefit of the Hillsborough Pharmacy, a corporation;"

The Bill of Complaint alleged:

"Complainant further shows unto the Court that the said lease was made, executed and delivered to the said lessees therein named for the use and benefit of the said Hillsborough Pharmacy, Inc., and for the sole and only purpose of providing a location for the conduct of said business and that the right to occupy said premises by said lease together with all rights and privileges therein granted were adjudicated by the United States District Court for the Southern District of Florida in the said bankruptcy to be an asset of the said bankrupt and held by said bankrupt court to pass to the purchaser of the assets of said bankrupt and that at a sale of the assets of said bankrupt on the 22nd day of November, 1929, one Frank E. Cooper, as trustee for said bankrupt under the direction of said bankrupt court, offered for sale the assets of said bankrupt, including the said lease and the rights and interests thereby granted to the highest and best bidder and upon said sale one John R. West, Jr., bidding for and as agent of West Realty Company, a corporation, offered the sum of $5,075.00 and purchased all of said assets including the rights and privi-

leges under said lease for said sum and became the purchaser of all the assets of said bankrupt and paid therefor the sum of $5,075.00, which said sum was offered for the merchandise, stock of goods and fixtures and with all rights and privileges under said lease including the right of present occupancy thereof and the right of renewal under the terms of said lease which said sum would not have been offered or bid for said property without the said rights under said lease which by reason of providing a continuing location for an established business was of especial value to the said bidder and on the said 22nd day of November, 1929, said sum was paid to the said trustee in bankruptcy, who, on said date, made, executed and delivered to the said West Realty Co., Inc., the receipt of the said trustee for said sum, a copy of which receipt is hereto attached and marked Exhibit 'B' and made a part of this bill and on said date delivered to the said West Realty Co., Inc., all of the assets of said bankrupt including a stock of drugs and fixtures and all equipment located upon the premises hereinbefore described, and possession of said premises under said lease and on said date the said West Realty Company, Inc., went into possession thereof and opened and commenced conducting a drug business at said location and upon said premises, using the trade name, Hillsborough Pharmacy, as a matter of convenience as same was established at said location until the 3rd day of January, 1930, upon which date the said West Realty Company sold all of said property to the complainant herein and from said date, the 3rd day of January, 1930, until this date the said complainant has continued to occupy said premises and to conduct therein a retail drug business using as a trade name the name, Hillsborough Pharmacy, and said complain-

ant is now occupying and using said premises as a retail drug store and conducting on said premises a drug business."

Exhibit "B" referred to in the foregoing allegation is as follows:

"IN THE MATTER OF: HILLSBOROUGH PHARMACY, INC., Bankrupt.

"Received of West Realty Company, Inc., the sum of $5,075.00 in the form of one check, dated Nov. 22, 1929, drawn on the Bank of Commerce and Trust Company of Tarpon Springs, Florida, for $3,321.00, and one check dated November 22, 1929, on Bank of Commerce and Trust Company of Tarpon Springs, Florida, for $1,754.00, a total of $5,075.00 the same being the total purchase price of all stock and fixtures of the above bankrupt estate, together with all accounts receivable, located in the store of the bankrupt at Plant City, Florida, together with all of those certain rights and interest in and to a certain lease, the terms and conditions of which will more fully appear from the stipulation entered into by and between the trustee and the holders of the said lease, fully set forth in the Minutes of the creditors' meeting duly held before Hon. H. P. Baya, Referee in Bankruptcy at Tampa, Florida, on the 22nd day of November, A. D. 1929, at 2 P. M. Dated at Tampa, Florida, this 22nd day of November, A. D. 1929."

The lease referred to was from E. W. Wiggins, Lessor, and Bank of Plant City, a banking corporation under the laws of Florida, and the Tampa Drug Company, a corporation under the laws of the State of Florida, Lessees, and it was stipulated that the terms "Lessor" and "Lessees" should include legal representatives and assigns of the respective parties wherever the context so requires or admits.

The property leased was "one store room on the ground floor fronting at No. 122 E. Reynolds Street, located in

the Lee Building (next door to U. S. Post Office), City of Plant City, County of Hillsborough and State of Florida."

The lease contained the following clauses:

"To HAVE AND TO HOLD the said premises unto the said lessees from the date hereof to and including December 31, 1931, the said lessees yielding and paying to the lessor as rent for said premises the sum of $125.00 per month, payable in advance beginning with the 1st day of February, 1929.

"This lease is made subject to month to month tenancy of the Hillsborough Pharmacy, Inc., a corporation under the laws of the State of Florida, provided, however, that the said lessees may require attornment by the said Hillsborough Pharmacy, Inc., a corporation under the laws of the State of Florida, after which the said Hillsborough Pharmacy, Inc., a corporation under the laws of the State of Florida, shall become the tenant from month to month of the said lessees herein named and subject to all duties and, liabilities imposed by law upon it as such. And provided further that the lessees herein named may sub-lease the above described premises from time to time during the term of this lease without the consent of the lessor. The lessor hereby covenants that the said Hillsborough Pharmacy, Inc., is indebted to him for past due rental as follows:

"Rental due for month of November, 1928.... $125.00
"Rental due for month of December, 1928.... 125.00
"Rental due for month of January, 1929.... 125.00

"Total _____ $375.00

"The lessor further covenants that the said sum of $375.00 is the correct aggregate amount of the past due and unpaid rents up to and including January 31, 1929, and

that there are no off-sets, counter claims or legal defenses against the same or any part thereof."

And then the lease contained the following clause:

"It is further understood and agreed by and between the parties hereto that the lessees shall have the privilege of a renewal of this lease at the expiration hereof for a period of two years at a rental not to excess of $125.00 per month."

The defendants respectively answered the bill. Each of the respective answers contained the following allegation, to-wit:

"4. This defendant denies that the said lease, a copy of which is attached to the complainant's Bill of Complaint as Exhibit 'A' was executed and delivered to the said lessees therein named for the use and benefit of the said Hillsborough Pharmacy, Inc., and for the sole and only purpose of providing a location for the conduct of said business and avers the facts to be that the said lease was made, executed and delivered to the said lessees as additional security for the payment of the indebtedness due by the said Hillsborough Pharmacy, Inc., unto the said lessees therein named, which indebtedness has not as yet been fully paid unto the said Tampa Drug Company, a corporation, and the Bank of Plant City.

"5. This defendant further denies that the right to occupy the said premises, together with all rights and privileges granted in and by said lease, were adjudicated by the United States District Court for the Southern District of Florida in and said bankruptcy to be an asset of the said bankrupt, and it further denies that the same were held by the said Bankruptcy Court to pass to the purchaser of the assets of the said bankrupt, but avers the facts to be that the said Bankruptcy Court made no adjudication touching said matters, and that no right, title or interest

passed to the purchaser of the assets of the said bankrupt other than the rights of a tenant at will, all of which will more fully appear by reference to the stipulation entered into by and between the Trustee of the said estate, and the said lessees fully set forth in the Minutes of the creditors' meeting duly held before the Honorable H. P. Baya, Referee in Bankruptcy, at Tampa, Florida, on the 22nd day of November, A. D. 1929, at 2 o'clock P. M., a copy of which Minutes is attached to the Bill of Complaint as amended as complainant's Exhibit 'E' and which is made as much a part hereof as if set forth herein *in haec verba*.

"6. This defendant admits that at a sale of the assets of said bankrupt on the 22nd day of November, A. D. 1929, one Frank E. Cooper as Trustee for the estate of the said bankrupt, under the direction of the said Bankruptcy Court offered for sale the assets of said bankrupt to the highest and best bidder for cash, but denies that the said assets so offered for sale included the said lease or the rights and interests granted by said lease unto the lessees therein named. This defendant further avers that the assets offered for sale and sold on said date by said Trustee in Bankruptcy consisted of the following items, to-wit:

"(a) A full and complete stock of drugs and accessories appraised at $3,000.00,

"(b) Fixtures appraised at $1,885.25,

"(c) Accounts Receivable in the amount of $3,000.00,

"(d) The right of occupancy to the extent contemplated in the Stipulation between Trustee and lessees.

"All of which will more fully appear by reference to the Trustee's Notice of Sale, a copy of which is hereto attached and marked defendant's Exhibit 'B' and made as much a part hereof as if set forth herein *in haec verba*, and by ref-

erence to a copy of the Stipulation attached to the Bill of Complaint as complainant's Exhibit 'E.' "

And also the following allegation:

"8. This defendant admits that on the 22nd of November, A. D. 1929, the said sum so bid was paid to the said Trustee in Bankruptcy, who on said date, made, executed and delivered to the said West Realty Company, Inc., the receipt for said sum, a copy of which is attached to the complainant's Bill of Complaint as Exhibit 'B,' and further admits that on said date the said Trustee delivered to the said West Realty Company, Inc., all of the assets of the said bankrupt so sold, including a stock of drugs and fixtures and all equipment located upon the premises described in the said Bill of Complaint, but denies that said assets included the possession of said premises under the terms of said lease."

Motion was made, and granted, to strike each and every of these allegations from the respective answers.

Paragraph numbered four of each of the answers as hereinabove quoted was a full and complete denial of the material allegation of the Bill of Complaint and tendered the issue of fact upon which the Chancellor appears to have based his final decree and which was the controlling fact in this case.

The other paragraphs of the answer stricken were material and pertinent, but not so important as paragraph numbered four.

The record shows beyond question that the Trustee in Bankruptcy sold to the purchasers at a bankrupt sale all the right, title and interest of the Hillsborough Pharmacy, Inc., in and to the lease. The theory of the complainant was that the lease was held by the Bank of Plant City and Tampa Drug Company for the use and benefit of Hills-

borough Pharmacy, Inc., and that after the sale in bankruptcy proceedings of the assets of Hillsborough Pharmacy the Bank of Plant City and Tampa Drug Company continued to hold the lease as Trustees for the purchaser at the bankrupt sale and the successors and assigns of such purchaser. The striking of the allegations of the answers placed the defendants in a position where the allegation as to this important feature of the transaction as set forth in the amended bill of complaint were uncontroverted. Certainly the lease from Wiggins, the owner, to Bank of Plant City and Tampa Drug Company contained nothing upon which to base a finding that the lessees named held the lease in trust for Hillsborough Pharmacy. The terms of the lease indicate that Hillsborough Pharmacy held its lease from month to month; that it was indebted to Bank of Plant City and to Tampa Drug Company and that these two institutions took a lease from the owner and sub-leased to Hillsborough Pharmacy for their own protection.

It, therefore, appears that the Chancellor erred in striking the paragraphs of the answers above referred to, for which reasons the decree should be reversed.

Other questions are presented by the assignments of error, but the rights of the parties involved in this suit depend entirely upon whether or not the Bank of Plant City and Tampa Drug Company held the lease in trust for Hillsborough Pharmacy and when this question is properly determined the rights of the parties may be thereupon adjudicated without complication.

Therefore, it is unnecessary to discuss the other questions presented.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Davis, C. J., and Whitfield, Ellis, Terrell and Brown, J. J., concur.

## On Rehearing.

Per Curiam.—Petition for rehearing has been filed and considered. It is contended in the petition that a rehearing should be granted because West's Drug Stores, Inc., being purchasers at a bankrupt sale of whatever interest Hillsborough Pharmacy had in the lease wherein E. W. Wiggins was lessor and Bank of Plant City and Tampa Drug Company were lessees, and because it was, as they contended, agreed that West's Drug Stores, Inc., should have the right to occupy the premises as long as it paid $125.00 per month rental therefor, and because West's Drug Stores, Inc., had continued to pay $125.00 per month as rental therefor, that Tampa Drug Company and Bank of Plant City cannot terminate the lease.

A lease such as the appellee contends its lease to have been, constitutes only a lease of tenancy at will under the provisions of Sections 3567 to 3570, R. G. S., 5431 to 5434, C. G. L., and aside from this, the original lease fixed the status of Hillsborough Pharmacy, Inc., by this language: "This lease is made subject to month to month tenancy of the Hillsborough Pharmacy, Inc., a corporation under the laws of the State of Florida, provided, however, that the said lessees may require attornment by the said Hillsborough Pharmacy, Inc., a corporation under the laws of the State of Florida, after which the said Hillsborough Pharmacy, Inc., a corporation under the laws of the State of Florida, shall become the tenant from month to month of the said lessees herein named and subject to all duties and liabilities imposed by law upon it as such."

The rights of the parties are controlled by the law of

the State which may be applicable to the status in which they have placed themselves and the courts cannot protect parties sui juris from the results of improvident lawful agreements.

The petition for rehearing is, therefore, denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.