WEST'S DRUG STORES, INC., v. ALLEN INVESTMENT CO.

170 So. 447.
Division B.
Opinion Filed October 21, 1936.
Rehearing Denied November 17, 1936.

*J. C. Davant* and *Jas. F. Sikes*, for Plaintiff in Error;

*Worth & Bivens* and *Mabry, Reaves, Carlton & White*, for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment in favor of the plaintiff in distress proceedings. The same parties who are parties to this action were before this Court in the case of Tampa Drug Co., *et al.*, v. West Drug Stores, Inc., 112 Fla. 331, 150 Sou. 786. In that case we construed the contracts between the parties and determined the status to the effect that West Drug Stores, Inc., being the assignee of the lease held by Hillsborough Pharmacy, Inc., by virtue of purchase at bankruptcy sale of the assets of Hillsboro Pharmacy, Inc., was a lessee from month to month. It follows that such lessee was a lessee at sufferance.

To clarify this matter we may say the record shows that on January 31, 1929, E. W. Wiggins, owner, leased the property involved to Tampa Drug Co. and Bank of Plant City for a term of two years. After the execution of that lease Tampa Drug Co. and Bank of Plant City sublet the premises under a verbal sub-lease to Hillsboro Pharmacy, a corporation. This we heretofore held to be a lease which authorized tenancy from month to month. Later Hillsboro Pharmacy was adjudicated a bankrupt and assets were sold under proper order in bankruptcy proceedings.

West Drug Stores, Inc., was purchaser of the assets and

continued to operate the drug store in the building to which the lease applied under the trade name of Hillsboro Pharmacy and paid rent from month to month to Tampa Drug Company.

In September, 1931, Mott as liquidator of Bank of Plant City, assigned the bank's interest in the lease to Tampa Drug Company.

On October 5, 1931, E. W. Wiggins having died, Mary W. Wiggins as heir at law, and George H. Wilder as Administrator of the Estate of E. W. Wiggins, deceased, executed a lease to Allen Investment Co., a corporation, on the premises involved for a term of three years, from December 31, 1931, to and including December 31, 1934. The term of this lease began upon the expiration of the term of the lease held by Tampa Drug Company. The West Drug Stores, Inc., continued to occupy the premises, and continued to do so until May, 1933, being a total of seventeen months of the term of the Allen Investment Co. lease. During this time Allen Investment Co. paid to Mary W. Wiggins and George H. Wilder the rent required by said lease in the amount of $125.00 per month. On December 15, 1931, Allen Investment Co. served notice upon West Drug Stores, Inc., that it had leased the premises and that it would require delivery of the occupancy of same on or before January 1, 1932. West Drug Stores, Inc., did not vacate pursuant to this notice, but continued to occupy the premises and filed suit in Chancery Court of Hillsborough County, Florida, to enjoin Allen Investment Company from ousting it from said premises so long as it should pay the rent of $125.00 per month. That was the suit referred to in which we adjudicated the rights of the parties under the lease.

On June 13, 1932, Allen Investment Co. sent a further

notice to West Drug Stores, Inc., by registered mail, in which notice it was stated that Allen Investment Company would at the end of that monthly period, July 1, 1932, terminate the tenancy under which West Drug Stores, Inc., was then holding said premises and on July 11, 1932, Allen Investment Company filed in the County Court of Hillsborough County, Florida, petition for the removal of the tenant. On September 2, 1932, West Drug Stores, Inc., filed a suggestion before the Circuit Court for a writ of prohibition to require the County Judge and Allen Investment Company to show cause why writ of prohibition should not be granted, restraining and prohibiting the said County Judge from continuing to take jurisdiction of said possessory action. The Allen Investment Co. and Cornelius, County Judge, demurred to the suggestion and moved to strike certain allegations. Demurrer and motion was sustained. Final judgment was entered dismissing the petition for prohibition. Writ of error was taken to this Court resulting in final judgment, affirming the final judgment dismissing the prohibition suit. See West Drug Stores v. Cornelius, 110 Fla. 299, 140 Sou. 332. That opinion was filed May 23, 1933, and it was while the prohibition cause was pending that Allen Investment Co. and Tampa Drug Co. entered their appeal from the decree of May 6, 1932, which resulted in the opinion being rendered hereinabove referred to in Tampa Drug Co., et al., v. West Drug Stores, which opinion was filed here on October 17, 1933.

During the pendency of the two cases above referred to in the Supreme Court, Allen Investment Co. on September 21, 1932, served on West Drug Stores, Inc., a notice that under and pursuant to the terms of Section 5418 C. B. L. of Florida, 1927, the same being Section 3554 R. G. S., Allen Investment Co. demanded double monthly rent for

the months during which West Drug Stores, Inc., had held over, the same being the months of July, August and September, 1932, and demanded also double rent for such further time as West Drug Stores, Inc., should occupy said premises.

On July 26, 1932, West Drug Stores, Inc., tendered Tampa Drug Co. and Allen Investment Co. the sum of $1,000.00 as rental provided Tampa Drug Co. and Allen Investment Co. would agree to acquiesce in a Chancery decree made and entered in May, 1932. This was the decree which was reversed by this Court. The Allen Investment Co. refused to accept the tendered payment under those conditions but did indicate a willingness to accept the $1,000.00 and give receipt for same as covering the rent for the months of January to August, inclusive. West Drug Stores, Inc., declined to make the payment thus.

On May 19, 1933, Allen Investment Co. filed its action of distress against West Drug Stores, Inc., for the collection of rent for seventeen months, January 1, 1932, through May 31, 1933, claiming the single or basic rent of $125.00 per month for the period of six months and double the rent for the remaining eleven months pursuant to the terms of the notice above referred to.

The judgment in that suit was in favor of the plaintiff and it is to that judgment the writ of error is addressed.

A statement of the facts demonstrates that there are two questions only to be determined. One is whether or not the lessee, entitled to the possession of the property and therefore to the rental derived from the property, may maintain a suit for rent and institute distress proceedings to enforce the payment of rent. The other is whether or not the provision of Section 3554 R. G. S., 5418 C. G. L., is applicable so as to be enforced in this case.

Section 3555 R. G. S., 5419 C. G. L., provides as follows:

"Action for use and occupation.—Any landlord, his heirs, executors, administrators or assigns, may recover reasonable satisfaction for any house, lands, tenements or hereditaments held or occupied by any person by his permission, in an action on the case for the use and occupation of the said lands, tenements or hereditaments when they are not held, occupied by or under agreement or demise by deed; and if on trial of any such action, any demise or agreement (not being by deed) whereby a certain rent was reserved shall appear or be given in evidence, the plaintiff in such action shall not therefor be non-suited but may make use thereof as an evidence of the quantum of damages to be recovered."

A lessee from a landlord is an assignee of the estate for the term of the lease. Therefore, clearly the Allen Investment Co. was entitled to maintain its action to recover the rent. Section 3556 R. G. S., 5420 C. G. L., provides that every person to whom rent may be due, his heirs, executors, administrators or assigns, shall have a lien for such rent upon the property found upon or off the premises leased or rented and in possession of any person. Under the facts stated, the Allen Investment Co. had a lien for the rent due under the lease on any property of the tenant found upon or off the premises. The tenant could not be heard to say that the rent was not for a fixed sum of money, because the record shows that the tenant at all times claimed the right to hold possession under lease requiring it to pay $125.00 per month rent.

The record shows that Allen Investment Company acquired the right to the rent and that the tenant refused to pay the same; that the tenant held over, without authority of law, after notice to vacate the premises and thereafter

the tenant at his peril held those premises subject to the imposition of the penalties prescribed by Section 3554 R. G. S., 5418 C. G. L.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.