79 So.2d 765 (1955)
George L. PAINTER and Ruby D. Painter, his wife, Appellants,
v.
TOWN OF GROVELAND, Florida, Appellee.
Supreme Court of Florida. Special Division B.
April 27, 1955.
*766 T.C. Cork, Clermont, for appellants.
Z.D. Giles, Leesburg, for appellee.
ROBERTS, Justice.
In a suit for a declaratory decree filed in the court below by the appellee, Town of Groveland, against Mr. and Mrs. Painter, appellants here, the Town asked that the Court declare the Town's rights under a lease agreement theretofore entered into between the parties and that the Painters be required to relinquish the leased premises. The complaint also contained a prayer for general relief. No objection was made in the court below as to the propriety of a suit for a declaratory decree in the circumstances alleged in the complaint. The Painters alleged in their answer that they had filed with the Town Council a written notice of their intention to renew the lease, pursuant to an option to renew contained therein and that the Town had at all times recognized the existence of a valid lease and dealt with them on that basis. Trial was had before the Chancellor, and a final decree was entered in which it was found that no notice of renewal had been given to the Town Council; that the Painters had not carried out the covenants on their part contained in the lease; that the Town was entitled to the immediate possession of the leased premises; and that the Painters should pay to the Town double the amount of the monthly rental specified in the lease agreement from and after October 11, 1952, which was the removal date specified in a notice to quit served upon the Painters on September 25, 1952. The Painters have appealed.
The lease in question was executed in July of 1948 and leased to the Painters the municipal auditorium owned by the Town for the operation therein of a motion picture theater by the Painters for a term of three years at a monthly rental of $30 per month, "with the option on the part of the said George L. Painter * * * to renew said lease for an additional period of five years at the same rental and under the same conditions herein set forth." The Painters had been operating a theater in the municipal auditorium since 1945 under two prior leases with the Town. As noted above, the Chancellor found, as a matter of fact, that no written notice of renewal had been given the *767 Town. The Painters contend here, however, that the lease did not require a written notice of renewal; that their remaining in possession after the expiration of the three-year term was, in effect, an exercise of their option to renew; and that this was recognized and admitted in writing by the Town Council when, in April of 1952 (some nine months after the expiration of the lease) they wrote to the Painters that they would require the theater to be kept open six days a week "in accordance with the terms of the lease between you and the Town of Groveland," and that, otherwise, they would cancel the lease. This contention cannot be sustained.
Our statute, Section 83.04, Fla. Stat. 1953, F.S.A., provides that upon the expiration of a leasehold term created by an instrument in writing, if the tenant shall hold over in the possession of the premises without renewing the lease by some further instrument of writing, then such holding over "shall be construed to be a tenancy at sufferance, and the mere payment or acceptance of rent shall not be construed to be a renewal of the said term * * *." This court held in Brown v. Markham, 56 Fla. 202, 48 So. 39, 42, that a holding over under a written lease containing an option to renew is "subject to the provisions of" Section 83.04, supra, and that, in the absence of an instrument of writing extending the lease, the lessee was a tenant at sufferance. At most, the Painters were tenants at will, under the provisions of Section 83.04, supra, that "if such holding over be continued with the written consent of the lessor then such tenancy shall become a tenancy at will under the provisions of this law." And even if the allegation that the Town Council recognized and admitted the existence of a valid lease can be considered as a plea of estoppel (which was not specifically pleaded), we can find no error in the lower court's determination that the Town was entitled to the possession of the leased premises  particularly in view of its finding that the Painters had allowed unsanitary conditions to exist in the theater and had operated it sporadically. It must, therefore, be held that the lower court did not err in finding against the Painters on the issue of whether they were entitled to possession of the leased premises, and that portion of the decree appealed from is affirmed.
But we think the lower court erred in holding that the Town "became entitled to double the agreed monthly rental" from the date specified in the eviction notice. The section of our statutes under which this award was made, Section 83.06, Fla. Stat. 1953, F.S.A., provides that "When any tenant shall refuse to give up possession of the premises at the end of his lease, the landlord * * * may demand of such tenant double the monthly rent, and may recover the same at the expiration of every month, or in the same proportion for a longer or shorter time by distress, in the manner pointed out hereinafter." No demand for double rent, or notice of intention to make such a demand, was made by the Town to the Painters at any time during the nine months which elapsed between the date of the eviction notice and the time of filing the instant suit in July of 1953 (cf. West's Drug Stores v. Allen Inv. Co., 125 Fla. 823, 170 So. 447, in which demand and notice was made shortly after the eviction notice was served upon the occupant of the leased premises); and, more importantly, no claim was made for double rent in the complaint in the instant suit. Assuming (without deciding) that the jurisdiction of an equity court can be invoked to enforce the statutory penalty as an incident to a suit for a declaratory decree (see McCrory Stores Corp. v. Tunnicliffe, 104 Fla. 683, 140 So. 806, 809, in which it was held that a claim for the penalty could not be the subject of an independent suit in equity nor of a counterclaim in a suit for the specific performance of an agreement to renew a lease), there can be no doubt that a claim for a statutory penalty must be pleaded. Atlantic Coast Line R. Co. v. State, 73 Fla. 609, 74 So. 595. While the argument of the Painters on this point has not been directed specifically to the failure of the pleadings to support the decree in this respect, but rather to the failure of the evidence to support it, the error is so patent that we would be compelled to reverse this portion of the decree *768 even though their contention as to the sufficiency of the evidence to support it could not be sustained.
It is our opinion, however, that the decree awarding to the Town the statutory penalty has no basis in the evidence. In 32 Am.Jur., Landlord and Tenant, Sec. 934, page 788, it is said to be the general rule that "in order to render the tenant liable to such a statutory penalty, the holding over must have been wilful and without color of title, and therefore if the holding over is under a bona fide claim of right based on reasonable grounds, he cannot be held liable for the penalty." Our research shows that there are courts which hold a contrary view under a statute which, like ours, does not provide for a "wilful" holding over. This court has not specifically decided the question. We are persuaded, however, that the better view is as stated in the text quotation above. See Jones v. Taylor, 1909, 136 Ky. 39, 123 S.W. 326; Ancona Printing Co. v. Welsbach Co., 1918, 92 N.J.L. 204, 104 A. 132, 133; Aull v. Bowling Green Opera House Co., 130 Ky. 789, 114 S.W. 284. The basis of these decisions is that men may differ in their opinions in respect to the validity of a lease, and if one believes, and has reasonable grounds to believe, that the lease under which he claims the right of possession is valid, he will not be required to pay the statutory penalty in refusing to deliver possession of the leased premises to his landlord, even though it is subsequently determined that the lease under which he claimed was invalid.
The record here shows that, as noted above, the Town wrote to the Painters in April 1952 (which was nine months after the termination date of the lease) and requested them to operate the theater six days per week "in accordance with the terms of the lease between you and the Town of Groveland". The Minutes of the Town Council show that the City Attorney instituted the eviction proceedings out of which the notice to quit, dated September 25, 1952, issued  and which forms the basis of the award of double rent to the Town  pursuant to the Council's direction to him to "start legal proceedings to correct the unsatisfactory condition now existing and to proceed to have the existing lease cancelled." (Emphasis added.) So far as the record here shows, nothing further was ever done in these proceedings. Even after the notice to quit was served on the Painters, the Town Council requested them to appear before them, and they did appear at a meeting of October 20, 1952, at which time (as shown by the Minutes) they "expressed their side of the various complaints before Council concerning the unsatisfactory and irregularity of the operation of the theater * * *." The Painters were billed by the Town and paid their occupational license tax for the operation of the theater up to October 1953. They continued to occupy the premises and pay rent to the Town, which was accepted by it without protest, up to the time of the trial of the instant suit. Upon receiving the notice, they consulted their attorney and were advised by him that they need not quit the premises. While this is not an absolute defense to a claim for the statutory penalty, it is evidence of good faith. Ashland Auto Sales Co. v. Stock, 217 Ky. 594, 290 S.W. 487. The whole import of the record is that the point of cleavage between the Council and the Painters was not as to whether the Painters were holding over under an expired lease, but as to whether their operation of the theater was satisfactory; that the Town was itself uncertain of its rights under the lease is witnessed by its suit for a declaratory decree (the propriety of which, as noted, was not questioned in the lower court). While, as noted, these facts were insufficient to work an estoppel against the Town on the question of whether the Painters were entitled to remain in possession under the renewal clause of their lease, we think they were sufficient to entitle them, as a matter of law, to relief from the statutory penalty and that it was error to require them to pay it.
For the reasons stated, that portion of the decree which requires the Painters to surrender the leased premises to the Town is *769 affirmed; and that portion requiring them to pay the statutory penalty is reversed.
Affirmed in part and reversed in part.
MATHEWS, C.J., DREW, J., and PARKS, Associate Justice, concur.