CARROLL, Associate Justice.
This appeal challenges the provisions of a chancery decree awarding appellee possession of certain leased premises and double rental damages for withholding possession beyond the term.
The facts,. which were not in conflict, were set out by the Chancellor in his filed findings, as follows:
“On October 30, 1950 one Warren Callihan was the owner of the fee in a certain parcel of land in Ocala, Florida and on that date leased the premises to Central Florida Oil Company, a corporation for a term of fifteen (15) years beginning on the 8th day of November, 1950 at a rental equal to one cent per gallon-of all gasoline sold on the premises each month. Mixed into the deal somewhere was a. loan of .Ten Thousand ($10,000.00) Dollars' from the Lessee, Central Florida Oil Company, to the Lessor, Warr.en Callihan. On the same day and date, October 30th, 1950, Central Florida Oil Company executed a document labled [sic] all over as a ‘sub-lease’ whereby the Central Florida Oil Company did ‘lease and let’ the same identical parcel of land to the same Warren Callihan for the same identical term reserving the same identical rent, but reserving ‘nothing out of the estate. The Ten Thousand ($10,000.00) Dollar loan is not mentioned in either document, but is mentioned in defendant’s answer and in his testimony, but it is not claimed to have been in any way secured by the lease. The net result of this transaction was that Callihan became personally obligated to operate a filling station on the premises described and to sell only the petroleum products distributed by the defendant, Central Florida Oil Company.
“On December 10, 1952, Qallihan conveyed the fee in the same parcel of land to one Fred C. Kernan.
“On February 5, 1953 the defendant, Central Florida Oil Company as Lessee, entered into another lease agreement with the said Kernan, as Lessor, for the same parcel of land and property, except the second story of the building, agreeing to pay a rental of Fifty ($50.00) Dollars per month and without reference to the amount of petroleum products sold. This new lease was for a term of one (1) year, renewable from year to year for four (4) additional years upon notice of renewal being given by the Lessee to the Lessor ten (10) days before the annual expiration date.
“On January 13, 1954, Kernan conveyed the property to the plaintiff.
*814 “At the expiration of the first year of the lease from Kernan to the Defendant, which was subsequent to the conveyance by Kernan to the Plaintiff, the Defendant réfused to renew the lease and notified Plaintiff that it would continue to hold possession under the lease of October 30, 1950, from Callihan to Defendant — the same lease under which defendant claims it ‘subleased’ to Callihan and which Plaintiff claims was assigned to Callihan. The Defendant remained in possession and is yet in possession claiming', not under the lease 'from Kernan, which it has refused to recognize since the expiration of its first one year term, but' claiming right to possession under and tendering rent according to the Calli-han lease of October 30, 1950.”
Much of the argument concerned the question of whether the second lease or sub-lease was an assignment to the owner-lessor ending the original lease, or whether the sub-lease remained in effect, as contended for by appellant, calling for performance of a covenant to operate the premises as a filling station.
It is unnecessary to evaluate the arguments of counsel on those questions, because appellant accepted a one year lease, with optional extension, on February 5, 1953, and operated the premises thereunder.
Later, after failing to exercise its option for an additional year or years, appellant held over and claimed a right to cancel the first sub-lease it had made to the original owner-lessor, for breach of covenant of the owner or his grantees to operate the premises as a gasoline service station.
The acceptance by appellant of the new lease in February of 1953, from a grantee of the original owner, and the occupancy and operation of the service station thereunder by appellant, was inconsistent with and precluded the claim of right under ' the earlier lease or sub-lease. See Rader v. Prather, 100 Fla. 591, 130 So. 15, 17; 51 C.J.S., Landlord and Tenant, § 124(a). Accordingly, the portion of the decree appealed from which restored possession to the appellee was proper and is affirmed.
But we think the lower court erred in holding that appellant should pay damages to appellee equal to double monthly rental, with interest, for a period of occupancy by appellant after the end of the last lease on February 15, 1954.
This award was made under Sec. 83.06, F.S.1955, F.S.A., which provides that “When any tenant shall refuse to give up possession of the premises at the end of his lease, the landlord * * * may demand of such tenant double the monthly rent, and may recover the same at the expiration of every month, or in the same proportion for a longer or shorter time by distress, in the manner pointed out hereinafter.”
Appellant overstayed its term on a claim and contention of right under an earlier instrument. Continued possession under a bona fide claim of right based on reasonable grounds evades the statutory penalty. Moreover, the complaint in the lower court did not’ demand and pray for the penalty. In these circumstances Painter v. Town of Groveland, Fla., 79 So. 2d 765, 767-768, is controlling.
Affirmed in part and reversed in part.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.