WILLIAM S. ARMSTRONG, ET AL.
*vs.*
RAYMOND T. HENDRICKSON

York.    Opinion, July 21, 1964.

*Ralph H. Ross,* for Plaintiff.

*Richard E. Dill,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, MARDEN, JJ.    SIDDALL, J., did not sit.

WILLIAMSON, C. J.    In this action under the forcible entry and detainer statute, the Municipal Court denied defendant's motion to dismiss the complaint and entered judgment for the plaintiffs. R. S., c. 122.    On appeal to the Superior Court the case was reported to us for decision on an agreed statement.

The only issue which we need reach is: Was the defendant's lease of the premises renewed? If so, the judgment below was in error.

The essential facts are as follows: The plaintiff in 1960 by devise acquired certain property under lease to the defendant for a term of years. The lease was renewable for a period of years from June 30, 1961 under the following provision:

> ". . on the same terms and conditions as the present lease; provided only, that the LESSEE give the LESSOR, on or before May 30, 1956, notice in writing that he exercises the option to renew for one of the two five year options and like notice in the event the second five year option is exercised by the LESSEE."

The written notice required by the lease was not given. The lessee continued in possession of the property, used by him for many years as a filling and service station, at the expiration of the stated term, and paid the monthly rental to the plaintiff for each month from June 30, 1961 through August 1963. The plaintiff accepted the payments and did not in any manner advise the defendant that he did not consider the lease and the current renewal period to be in full force and effect until August 21, 1963. Indeed, apart from a telephone call in February 1960 informing the defendant that the plaintiff was the owner of the premises and that the rental payments should be sent to him, the plaintiff "did not call, write, speak to or otherwise contact or confer" with the defendant until August 21, 1963. The plaintiff then by letter from his attorney demanded that the defendant vacate the premises and for the first time contended that the defendant had violated the terms of the lease, in the words of the agreed statement, by "failing to expressly renew the lease."

We think it plain beyond the slightest doubt that the plaintiff waived the requirement of written notice by ac-

ceptance of the rent without objection for the long period of twenty-six months in the renewal period.

> "There was no explicit exercise of the option to renew either lease but the lessor continued to accept rent from the lessee, Throumoulos, after the termination of the first lease, and in each case permitted him or his sublessees to remain in possession and exercise dominion over the property after the expiration of the ten year period. Such holding over by the lessee is convincing evidence of intention to renew the option, obviated the necessity of further notice, and is binding on the lessor. *Oren Hooper's Sons v. Sterling-Cox Shoe Co.,* 118 Me. 404; 108 Atl. 353; 32 Am. Jur. 825."
> *Throumoulos, et al.* v. *Bernier,* 143 Me. 286, 287, 61 A. (2nd) 681.

In *Medomak Canning Co.* v. *York,* 143 Me. 190, 57 A. (2nd) 745, in which the court found there was no waiver of notice of renewal, the court said at p. 194:

> "Notice of the exercise of the option is for the benefit of the lessor, but lessor may waive an express provision for notice."

and again at p. 195:

> "Waiver is a voluntary, intentional relinquishment of a known right. It may be shown by words or acts, and may arise from inference from all the attendant acts as well as from express manifestations of purpose. Whether there has been a waiver established when it is to be implied from numerous acts is usually a question of fact. Whatever the evidence it must have probative force to prove the intention to waive."

For convenience we have referred to the plaintiff Armstrong, to whom the premises were devised subject to the lease, as the plaintiff. The plaintiff Coleman Oil Company, Inc. is a lessee under a lease from the plaintiff. Its case falls with that of the plaintiff.

The entry will be

*Judgment for the defendant.*