PER CURIAM.
We are asked to determine the priority of two liens, one a landlord’s lien and the other a lien filed pursuant to Section 319.27(2), Florida Statutes (1975), securing a conditional sales contract on a mobile home. We reverse the final judgment and find the landlord’s lien the superior lien.
On November 30, 1973, appellant Augustus Cabré purchased two acres of land from Douglas and Betty Brown. The Browns had a mobile home located on the property which they agreed would be removed within two weeks. This was never done. The trailer remained on the property for almost three years, and Cabré filed an action in September, 1976, asking distress for rent and seeking a lien under Section 83.08, Florida Statutes (1975), for the fair market rental value of the two acre plot.
First Federal Savings and Loan of Gainesville held a lien on the trailer at the time it was abandoned by the Browns. When payments were not made by the Browns, First Federal looked to appellee M.G.I.C., its credit insurer, for payment. M.G.I.C. paid the outstanding amount of the loan but First Federal, rather than assigning its lien to M.G.I.C., filed a satisfaction of the lien on August 22, 1974. It was not until almost two years later, in June, 1976, that the assignment of First Federal’s ■interest in the mobile home to M.G.I.C. was completed. When distress for rent was *847 sought by the landlord, Cabré, M.G.I.C. counter-claimed asserting its prior possesso-ry right to the mobile home.
The trial judge incorrectly granted judgment to M.G.I.C. for possession of the mobile home. The Browns, upon abandoning the trailer on the property, became tenants at sufferance, and Cabré properly asserted a landlord’s lien against the personalty. Pillans & Smith Co., Inc. v. Lowe, 117 Fla. 249, 157 So. 649 (1934); West’s Drug Stores, Inc. v. Allen Inv. Co., 125 Fla. 823, 170 So. 447 (1936). That lien came into existence not when the action in distress for rent was brought, but when the tenancy came into being. Section 83.08(2) allows a lien to a landlord for rent:
“Upon all other property of the lessee or his sub-lessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of such property on the premises leased.”
See Lovett v. Lee, 141 Fla. 395, 193 So. 538 (1940); G.M.C.A. Corp. v. Noni, Inc., 227 So.2d 891 (Fla. 3d DCA 1969). Because M.G.I.C.’s lien was not perfected until long after the abandonment of the trailer on the property of Cabré, it is clear the landlord’s lien is superior.
The final judgment is REVERSED with directions judgment be entered for Cabré.
BOYER, Acting C. J., and MILLS and ERVIN, JJ., concur.