McCORD, Judge.
Burch appeals from an order dismissing her second amended complaint with preju *441 dice. The order was based upon the grounds that appellant failed to plead facts in the complaint negativing the application of Sections 689.01 and 83.04. Florida Statutes, to allegations in Counts I and II. We reverse.
The trial judge was correct in ruling that § 689.01 controls the validity of the modification of the written lease agreement alleged in Count I, and that, in the absence of a showing of special circumstances, § 83.04 applied to Counts I and II regarding the alleged extension of the lease. Painter v. Town of Groveland, 79 So.2d 765 (Fla. 1955); Leibowitz v. Christo, 75 So.2d 692 (Fla.1954); Henry v. D. S. M. Co., 352 So.2d 1230 (Fla. 4th DCA 1977); Ledford v. Skinner, 328 So.2d 219 (Fla. 1st DCA 1976). Nevertheless, these two defenses should not have been considered on a motion to dismiss for failure to state a cause of action because they do not appear on the face of the complaint. See Fla.R.Civ.P. 1.110(d). Rather than requiring a plaintiff to negative defenses, the issues should be framed by the complaint, answer, and reply. See Fla.R. Civ.P. 1.100(a) and 1.110(d). This procedure should be followed although we recognize that, if the defenses are not waived, the matter might be disposed of on a motion for judgment on the pleadings or summary judgment, whichever may be appropriate.
Reversed and remanded for proceedings consistent herewith.
LARRY G. SMITH and WENTWORTH, JJ., concur.