401 So.2d 915 (1981)
GREENTREE AMUSEMENT ARCADE, INCORPORATED, Appellant,
v.
GREENACRES DEVELOPMENT CORPORATION and Greenacres Management Corporation, Appellees.
No. 79-2311.
District Court of Appeal of Florida, Fourth District.
July 29, 1981.
*916 Lake Lytal, Jr., and Cynthia S. Prettyman of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellant.
Donald L. Brooks of L.M. Taylor, Lawyers, North Palm Beach, for appellees.
M. DANIEL FUTCH, Jr., Associate Judge.
This is an appeal from a final judgment entered in a landlord-tenant dispute which found that the appellee/landlord was justified in terminating the lease and that the appellant/tenant was liable to the landlord for double rents. We affirm the former finding, but we reverse the latter.
The landlord leased certain commercial business property located in a shopping center. The lease was to expire on March 31, 1979 unless the tenant exercised its right to renew the lease for a five year period. On December 20, 1978, the landlord notified the tenant that the lease would be terminated effective March 31, 1979 because of the tenant's failure to abide by the lease provision that required the tenant to maintain the premises in an orderly fashion. Specifically, the landlord claimed that the youths who frequented the tenant's business premises were rowdy, unruly, and generally disruptive.[1] On January 16, 1979, the tenant advised the landlord by letter that there was no basis for the landlord's termination of the tenant's renewal option. In this same letter, the tenant advised the landlord that it was thereby exercising its option to renew the lease.
In anticipation of the landlord's intention to terminate the lease on March 31, 1979, the tenant filed a complaint in which it sought specific performance of the renewal option and injunctive relief against any eviction action undertaken by the landlord. In its answer, the landlord filed a counterclaim seeking eviction and demanding double rent for the period between the termination of the original term of the lease on March 31, 1979 and the time at which the tenant vacated the premises. Prior to trial, the trial court granted the tenant's request for a temporary injunction, which enjoined the landlord from evicting or dispossessing the tenant from the premises, pending the final resolution of the case. The tenant posted a bond in the amount of $1,000 as a condition of the temporary injunction and agreed to continue to pay the normal rent for the duration of the lawsuit.
After a non-jury trial, the trial court found that the landlord had been justified in terminating the lease, and that the lease was therefore rightfully terminated as of March 31, 1979. The trial court also awarded the landlord double rent for the period between the time that the landlord first demanded double rent in its counterclaim filed on April 20, 1979, and September 30, 1979, the time at which the premises were vacated.
Initially, the tenant contends that the trial court erred in finding that the lease was validly terminated because there was insufficient evidence to demonstrate a basis for termination under the provisions of the lease. Under the lease provisions, the landlord had the right to cancel the lease if the following criteria existed:
(a) The landlord receives numerous complaints from other tenants, their employees, shoppers or law enforcement authorities concerning the behavior of the arcade patrons while on the premises;
(b) That after reasonable notice to the tenant, such complaints are not rectified immediately by the tenant;
(c) That the continuing nature of the complaints are such as to be considered a nuisance to other tenants and/or shoppers; and,
(d) The landlord gives the tenant 90 days notice of the termination.
We summarily reject the tenant's contention that the lease was invalidly terminated *917 because our review of the record indicates that there was substantial competent evidence to support the trial court's findings that each of these four conditions was in existence.
The tenant additionally asserts that double rents should not have been assessed against him since he was not a "holdover tenant". The tenant urges that, since he remained on the leased premises under a bona fide claim of right, he could not be considered a tenant who held over in wilful derogation of the terms of the tenancy. Central Florida Oil Company v. Blue Flame, 87 So.2d 812 (Fla. 1956); Painter v. Town of Groveland, 79 So.2d 765 (Fla. 1965). The tenant insists that he held over under a bona fide claim of right since, (1) he had a renewal option that he believed had been validly exercised regardless of his prior receipt of the letter of the landlord terminating the lease, (2) his continued possession of the premises after March 31, 1979 was authorized by the temporary injunction issued by the trial court, and (3) he continued to pay rent until he vacated the premises.
We find merit to the tenant's argument that he was not a "holdover tenant" and hold that the trial court erred in assessing double rents against him. The tenant remained in possession of the premises under what he believed to be a valid exercise of the renewal option. Until such time as the respective rights and obligations of the parties were fully litigated, the tenant had a bona fide claim of possession which derived from the renewal option provision of the lease itself. The tenant's basis for continued possession was arguably authentic and not merely a spurious assertion of a purported right lacking in any foundation. Therefore, despite the fact that the trial court correctly found that the landlord had validly terminated the lease option, the validity of that termination remained a genuine and justiciable issue up to the time that the final judgment was entered. Moreover, the tenant's continued possession of the premises from March 31, 1979, the date upon which the lease expired, to October 12, 1979, the date upon which the trial court vacated its prior temporary injunction, was authorized by the trial court under the auspices of its temporary injunction. Certainly, the tenant's continued possession of the premises under such authority constituted possession of the premises under a bona fide claim of right. Additionally, the fact that appellant continued to pay its monthly rent is indicative of its belief that it enjoyed a continuing right of possession in the premises. It is therefore abundantly clear that the appellant retained possession from March 31, 1979 through September 30, 1979 under a bona fide claim of right, and that the trial court's award of double rents to the appellee for the period between April 20th, 1979 (the time at which the landlord first made its claim for double rent) and September 30th, 1979, was erroneous. Accordingly, we reverse that portion of the final judgment which awarded double rents.
AFFIRMED IN PART, REVERSED IN PART.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] The tenant's premises consisted of an amusement arcade housing pinball machines and other recreational machines.