## HAWKINS v. DeVECHT
Case No. 82-368 AP
Eleventh Judicial Circuit, Dade County, Appellate Division
June 14, 1983

Charlene Miller Carres, Carres, Gamble & Hamilton, for appellant.

John W. Persse, Gary W. Pollack, Persse and Pollack, for appellees.

Before KLEIN, MOORE, BARAD, JJ.

PER CURIAM.

This is an appeal from a final judgment entered in a landlord-tenant dispute which found the Appellant/tenant to be a hold-over tenant and which ordered her eviction. We reverse.

A notice of eviction was served upon the tenant February 7, 1982 giving notice that the tenant's lease would terminate as of February 23, 1983. On March 16, 1982, the tenant not having vacated the premises, the Appellees/landlords filed their complaint for eviction.

Thereafter the parties, through counsel, entered into negotiations for an extension of the lease. The negotiations continued for several months but eventually reached an impasse. The cause was not brought to trial until September, 1982.

During the period of time from the filing of the suit for eviction to the date of trial the tenant mailed monthly rental payments in the form of money orders to the landlords. The first payment was mailed back to the tenant who promptly mailed it back to the landlords. The first payment and all subsequent money orders were thereafter retained by the landlords' attorney, although not cashed.

First, we hold the tenant remained on the leased premises during good faith negotiations for an extension of her lease and under such circumstances could not be considered a "hold-over tenant". *Greentree Amusement Arcade, Inc. v. Greenacres Development Corp.*, 401 So.2d 915 (Fla.4th DCA, 1981).

We also hold that under the factual circumstances of this case the landlords were estopped from proceeding on the complaint for eviction and waived their right to terminate the tenancy as of Februry 24, 1982.

*Moskos v. Hand,* 247 So.2d 795 (Fla. 4th DCA 1971). Each time a monthly rental payment was made it established a valid tenancy from month to month. Such tenancy could only be terminated by giving proper notice, and if the tenant did not vacate the premises, by the filing of a new suit.

Reversed and remanded for further proceedings not inconsistent with this opinion.